UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:20CV-P198-TBR

**JEREMY CHAPLIN HENLEY**                                                                     **PETITIONER**

v.

**KSP WARDEN**                                                                                **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Petitioner Jeremy Chaplin Henry, identifying himself as "Illuminati By and Through Jeremy Chaplin Henley-X," filed the instant *pro se* action. Petitioner sent a bankers box containing more than 1,000 pages of documents. The documents were not organized in any coherent fashion. The Court and the Clerk of Court's Office reviewed the documents to attempt to discern what action Petitioner was attempting to file and how the filings should be docketed. Upon review, the Court construes the action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 based on the fact that Petitioner filed two § 2241 petition forms. Petitioner also filed an application to proceed without prepayment of fees (DN 7), which the Court will grant below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In the first petition form, which is largely left blank, where the form asks what the filer is challenging in the petition, Petitioner checks boxes for "Conviction of sentence"; "Probation, parole, or supervised release matter"; "State pre-trial detention" after which he writes, "Extra Ordinary Nature Justifying Relief"; "Detainer"; and "Other" after which he writes the following:

> Freedom from cruel treatment and conditions and/or degree of confinement, stay of execution (death by COVID-19), unsuccessful exhaustion of state collateral remedy, deliberate indifference, ineffective assistance/inadequate representation of counsel, substantive/procedural pre-deprivation due process, ex post facto

contract impairment, sentencing issues, federal/state interrelationships – choice of law, contract interpretation, promissory estoppel . . . ."

In the remainder of the form, he provides no information concerning exhaustion of administrative or judicial remedies or grounds for relief.

In the second § 2241 form, Petitioner indicates that he is challenging convictions from Union, Carlisle, and Lyon Counties. Where the form asks the filer to state what he is challenging, Petitioner checks boxes for "How your sentence is being carried out . . ."; "Pretrial detention"; "Detainer"; "The validity of your conviction or sentence as imposed"; "Disciplinary proceedings"; and "Other" after which he writes, "COVID-19; Brady claim; conditions of confinement; state action; actual innocence; vindictiveness; indictment; First Amendment; retaliatory campaigning; contrary to clearly established federal law; reviewability of lower court decisions; authority to waive procedures; failure to appoint counsel; contract claims; malicious use of auxiliary process." He seems to indicate that he appealed the challenged decision, but he provides no grounds for relief in the form.

The filings also include hundreds of pages of attachments and several motions, including a 79-page motion for a temporary restraining order in which, while not entirely clear, Petitioner seeks immediate release because of the risks associated COVID-19 pandemic, but he also discusses his guilty plea in his 2013 state-court criminal case and includes page after page of mostly seemingly irrelevant legal authority.

## II. ANALYSIS

Federal Rule of Civil Procedure 8(a) provides that:

A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a

> demand for the relief sought, which may include relief in the alternative or different types of relief.

Similarly, Rule 8(d)(1) specifies that "[e]ach allegation must be simple, concise, and direct." "The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (noting that a complaint that is "prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation"). A court is not obligated to "stitch together cognizable claims for relief from [a] wholly deficient pleading" filed by a party. *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *see also Plymale v. Freeman*, No. 90-2202, 1991 U.S. App. LEXIS 6996, at *2 (6th Cir. 1991) (affirming district court's dismissal of 119-page "rambling complaint").

The petition, attachments, and motions are voluminous, unorganized, and unnecessarily verbose. The Court has great difficulty finding any portion of the filings that simply, concisely, or directly sets forth Petitioner's claims. If a pleading is not short and plain, the Court has the authority, on motion or *sua sponte*, to strike any portions that are redundant or immaterial or to dismiss the complaint. *Salahuddin*, 861 F.2d at 42. "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Id*. The Court finds that this is a case where dismissal is warranted. However, in light of Petitioner's *pro se* status, the Court will provide him with an opportunity to amend his petition before dismissing this action.

The Court provides the following instruction to Petitioner. The Local Rules require that a *pro se* action be filed on a Court-supplied form. LR 5.3(a). While Petitioner filed two petition

3

forms, they are not fully completed, and the portions that are completed contain only vague and conclusory allegations unsupported by factual content. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that the pleading standard under Rule 8 does not require "detailed factual allegations" but demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation"). Therefore, in filing the amended petition, Petition must complete the § 2241 petition form, but must state his claims simply and concisely and must include the grounds in support of his claims, as well as information concerning the exhaustion of his administrative remedies.

Moreover, the purpose of the Local Rules' requirement that a *pro se* action be filed on a Court-supplied form is to guide the *pro se* filer in succinctly setting forth his claims. Petitioner's attaching hundreds of pages of attachments to the petition defeats this purpose. Petitioner is permitted to attach pages to the petition form if necessary, but he is not permitted to file voluminous attachments.

### III.  ORDER

Accordingly, **IT IS ORDERED** that Petitioner shall file an amended petition on the Court's 28 U.S.C. § 2241 petition form, in compliance with the Court's instruction above, within **30 days** of the entry date of this Order. The Clerk of Court is **DIRECTED** to send Petitioner a § 2241 petition form.

**Petitioner is WARNED that his failure to comply with this Memorandum Opinion and Order within the time allotted will result in the dismissal of this action.**

**IT IS FURTHER ORDERED** that Petitioner's application to proceed without the prepayment of fees (DN 7) in **GRANTED**.

4

Upon review of each of the remainder of Petitioner's voluminous motions, they fail to state any coherent basis for relief.  For this reason, and because it is unclear what claims are before the Court, **IT IS FURTHER ORDERED** that Petitioner's remaining motions (DNs 9, 10, 11, and 12) are **DENIED**.  Petitioner is **INSTRUCTED** that the Local Rules require that a motion "may not exceed 25 pages without leave of Court."  LR 7.1(d).

Date:   January 6, 2021

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:   Petitioner, *pro se*
4413.010